FILED

2015 OCT 30 PM 2: 13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDGAR LLORENTE,

Plaintiff,

-against-   Case No.: 6:15-CV-1844-O-l-22TBS

JERRY L. DEMINGS and
ELIAS GALLUP,

Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Florida. Plaintiff's claims arise from an incident on November 1, 2012, in which the Defendants subjected Plaintiff to, among other things, false arrest and malicious prosecution. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

### JURISDICTION & VENUE

2. Jurisdiction is conferred upon this Court by Article III, § 1 of the United States Constitution, 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1332 and 1343.

1

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts in question occurred within the City of Orlando, Orange County, State of Florida, which is situated in the Middle District of Florida, and because Plaintiff and Defendants are subject to personal jurisdiction in the Middle District of Florida.

## PARTIES

5. At all times mentioned herein, Plaintiff EDGAR LLORENTE was and still is a resident of the City of Orlando, Orange County, State of Florida, and is a person entitled to bring such action, pursuant 42 U.S.C. § 1983.

6. At all times mentioned herein, Defendant ELIAS GALLUP was and still is a citizen of the State of Florida, and acted pursuant to his employment as a Deputy Sheriff of Orange County, State of Florida.

7. At all times mentioned herein, Defendant JERRY L. DEMINGS was and still is a citizen of the State of Florida, duly appointed and acting in his official capacity as Sheriff of Orange County.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

### A. Defendant JERRY L. DEMINGS's Supervision, Policies, and Procedures

8. Prior to November 1, 2012, Defendant JERRY L. DEMINGS was the employer of Defendant ELIAS GALLUP.

9. On November 1, 2012, Defendant JERRY L. DEMINGS was the employer of Defendant ELIAS GALLUP.

10. Subsequent to November 1, 2012, Defendant JERRY L. DEMINGS was the employer of Defendant ELIAS GALLUP.

11. The Defendant, JERRY L. DEMINGS, is the elected or appointed local government entity and/or agency under whose jurisdiction and authority the acts complained of herein occurred, and the official with final decision-making authority.

12. The Defendant, JERRY L. DEMINGS, had a duty to ensure that the Orange County Sheriff's Office and its employees and subordinates complied with Florida and Federal Law.

13. The Defendant, JERRY L. DEMINGS, was at all times mentioned herein, and still is, responsible for developing, implementing, promulgating, and enforcing customs, usages, practices, procedures, policies, and rules of Officers employed by the Orange County Sheriff's Office.

14. The Defendant, JERRY L. DEMINGS, was at all times mentioned herein, and still is, responsible for developing, implementing, promulgating, and enforcing customs, usages, practices, procedures, policies, and rules of Defendant ELIAS GALLUP.

15. The Defendant, JERRY L. DEMINGS, was at all times mentioned herein, and still is, responsible for the training and supervision of Defendant ELIAS GALLUP.

16. Prior to November 1, 2012, Defendant, JERRY L. DEMINGS, permitted, encouraged, tolerated, and ratified a pattern of practice or custom of the use of force in an unjustified and unreasonable manner, as well as allowing officers to make arrests without probable cause, by, among other means:

3

> A. Failing to properly train and supervise officers in the conditions under which an arrest can be made; and
>
> B. Failing to properly train and supervise officers involved in initiating law criminal prosecution against citizens.

17. Defendant, JERRY L. DEMINGS, was deliberately indifferent as to the level of training, supervision, and discipline maintained by Orange County Sheriff's Office to its officers.

18. As of the date of this Complaint, Defendant, JERRY L. DEMINGS, has failed or refused to initiate any disciplinary action or otherwise take any remedial measures against Defendant ELIAS GALLUP.

19. As of the date of this Complaint, Defendant, JERRY L. DEMINGS, has failed or refused to initiate any disciplinary action or otherwise take any remedial measures against Defendant ELIAS GALLUP for the misconduct perpetrated against Plaintiff complained of herein.

20. The Defendant, JERRY L. DEMINGS's failure to effectively supervise and discipline deputies accused of arresting individuals without probable cause and maliciously initiating frivolous criminal proceedings evinces a deliberate indifference to the likelihood of ongoing constitutional violations which ultimately resulted in multiple violations of Florida State laws, Federal law, and Plaintiff's rights under the United States Constitution.

21. As a result of the foregoing failures and refusals, Defendant JERRY L. DEMINGS has established a permanent and well-settled practice and custom of the Orange

County Sheriff's Office to permit officers, including Defendant ELIAS GALLUP to engage in misconduct and violate the Constitutional rights of citizens.

### B. The November 1, 2012, Subject Incident

22. On or about November 1, 2012, Plaintiff was driving southbound on Edgewater Drive, a public way in Orange County, Florida.

23. On November 1, 2012, Defendant ELIAS GALLUP, in his official capacity as a deputy sheriff under the command of and with the authority of Defendant JERRY L. DEMINGS, was operating his police cruiser southbound on Edgewater Drive.

24. At all times relevant to this complaint, Plaintiff was wearing properly his seatbelt and was not violating any traffic laws or regulations of the State of Florida.

25. At all times relevant to this complaint, Plaintiff was operating in a controlled legal manner upon the roadways in Orange County, Florida, without any sign or indication that his operation was impaired or otherwise not in conformity with the laws and regulations of the State of Florida.

26. While approaching the intersection with Lee Road, Defendant ELIAS GALLUP, while under the command and authority of Defendant JERRY L. DEMINGS, falsely alleged in an official report that Plaintiff failed to operate within a single lane as marked by painted roadway lines.

27. Defendant ELIAS GALLUP, while under the command and authority of Defendant JERRY L. DEMINGS, falsely alleged in an official report that he observed Plaintiff engage in this behavior five times in a short distance.

28. Plaintiff made a left turn onto Lee Road traveling eastbound. Defendant ELIAS GALLUP, while under the command and authority of Defendant JERRY L. DEMINGS, followed and falsely alleged in an official report that he observed Plaintiff fail to turn within a single lane, instead turning into the center lane of Lee Road.

29. Defendant ELIAS GALLUP, while under the command and authority of JERRY L. DEMINGS, falsely alleged in an official report that he observed Plaintiff fail to operate within a single lane as marked by painted roadway lines.

30. Defendant ELIAS GALLUP falsely alleged in an official report that he observed this behavior four times within a short distance.

31. As Plaintiff approached the intersection of Lee Road and Adanson Street, Defendant ELIAS GALLUP, while operating under the command of and with the authority of Defendant JERRY L. DEMINGS, without cause or reason, activated his blue emergency lights and signaled Plaintiff to pull over.

32. Plaintiff immediately pulled into the parking lot of the 7-11 convenience store located at 851 Lee Road, approximately 1.2 miles from the intersections with Edgewater Drive, in a controlled and lawful manner, and parked his vehicle properly within a marked parking space.

33. Defendant ELIAS GALLUP, acting under the command and authority of Defendant JERRY L. DEMINGS, and acting pursuant to the policies and training directed by Defendant JERRY L. DEMINGS, without cause, approached the vehicle and made contact with Plaintiff.

34. Defendant ELIAS GALLUP, acting under the command and authority of Defendant JERRY L. DEMINGS, and based upon the training received by Defendant JERRY L. DEMINGS, falsely alleged in an official port that he made the following observations upon making contact with Plaintiff:

- an immediate odor of an alcoholic beverage; and
- Plaintiff's eyes were bloodshot and glassy; and
- Plaintiff's speech was rapid and thick-tongued; and
- Plaintiff's muscles appeared to be tremoring as he sat in his vehicle; and
- Plaintiff's eyes appeared to dart rapidly in different directions.

35. Defendant ELIAS GALLUP falsely alleged in an official report that he observed the driver's side tire on the Plaintiff's vehicle was devoid of tire tread and was in an unsafe condition.

36. Defendant ELIAS GALLUP, acting under the command and with the authority of Defendant JERRY L. DEMINGS, falsely alleged in an official report that he informed Plaintiff of the reason for stopping him.

37. Plaintiff complied with this demand.

38. Defendant ELIAS GALLUP, returned to his vehicle, conducted a records check, and determined Plaintiff was not wanted, his license was not suspended and his registration and insurance were active.

39. Defendant ELIAS GALLUP, under the command and with the authority of Defendant JERRY L. DEMINGS, returned to Plaintiff's vehicle and unlawfully ordered

him out of the vehicle and requested he walk to the rear of Defendant ELIAS GALLUP'S police vehicle.

40. Plaintiff, without resistence or delay, directly complied with these instructions.

41. Defendant ELIAS GALLUP, acting under the command of and with the authority of Defendant JERRY L. DEMINGS, falsely stated in an official report he observed Plaintiff to appear unsteady and stagger while walking.

42. Defendant ELIAS GALLUP, without cause, engaged Plaintiff in conversation about where Plaintiff had come from, where he was going, and asked Plaintiff if he had consumed alcohol.

43. Defendant ELIAS GALLUP, without cause, asked Plaintiff if he would participate in a series of exercises to which Plaintiff responded he would participate in any exercises he was asked to perform.

44. Defendant ELIAS GALLUP, under the command of and with the authority of, utilizing the training and procedures implemented by Defendant JERY L. DEMINGS, unlawfully conducted several field tests after which he falsely alleged in an official report that Plaintiff was significantly intoxicated and could not operate a vehicle safely.

45. Defendant ELIAS GALLUP unlawfully restrained Plaintiff and placed him in handcuffs. Plaintiff was unlawfully and without cause placed in the prisoner compartment of Defendant ELIAS GALLUP'S vehicle and transported to the DUI center.

46. Plaintiff consented to a breath test, the results of which were 0.00.

8

47. Plaintiff voluntarily submitted a urine sample, which was sent to the FDLE laboratory for testing. According to the results, there were no intoxicants or illegal narcotics found in Plaintiff's appropriately protested that he was not intoxicated and that he did not take any drugs.

48. Despite the results of the breath test, Defendant ELIAS GALLUP, under the command and with the authority of Defendant JERRY L. DEMINGS, falsely, maliciously, and unlawfully commenced criminal proceedings against Plaintiff by issuing the following citations: Driving Under the Influence in violation of Fla. Stat. § 316.193(1); Driving Vehicle in Unsafe Conditions in violation of Fla. Stat. § 316.610(1); Failure to Obey Traffic Control Device in violation of Fla. Stat. § 316.074(1); and Improper Left Turn in violation of § 316. 151(1)(B).

49. On January 2, 2013, the State Attorney for the Ninth Judicial Circuit DISMISSED each of the traffic violations in case number 2012-TR-024334.

50. On January 2, 2013, the State Attorney for the Ninth Judicial Circuit dismissed the Driving Under the Influence charge, Nolle Prosqui, in case number 2012-CT-010265.

51. Upon information and belief, prior to November 1, 2012, Defendant JERRY L. DEMINGS failed to initiate any disciplinary action against Defendant ELIAS GALLUP for making arrests without cause.

52. Upon information and belief, Defendant ELIAS GALLUP was previously investigated for making arrests without probable cause and unlawfully detaining defendants despite clear evidence of actual innocence.

53. Despite the substantial number of complaints filed against Defendant ELIAS GALLUP, Defendant JERRY L. DEMINGS failed and/or refused to take remedial action against Defendant ELIAS GALLUP.

54. Defendant JERRY L. DEMINGS's failure to effectively supervise and discipline deputies accused of making arrests without probable cause and unlawfully detaining defendants despite clear evidence of actual innocence evinces a deliberate indifference to the likelihood of ongoing constitutional violations which ultimately resulted in multiple violations of Florida State laws, Federal law, and Plaintiff's rights.

55. Defendant JERRY L. DEMINGS is liable in his official capacity as Sheriff of Orange County for the actions of Defendant ELIAS GALLUP, which resulted in Plaintiff's unlawful arrest and detention because he had knowledge of the pattern of baseless arrests and unlawful detention of defendants by Defendant ELIAS GALLUP and failed to implement further training, supervision or discipline regarding misuse of force.

56. This action was timely commenced according to the applicable statute of limitations and all tolling periods and all conditions precedent to maintaining the instant action have been fulfilled.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### FALSE ARREST UNDER 42 U.S.C. § 1983

57. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs # 1-55 with the same force and effect as if fully set forth herein.

58. On November 1, 2012, Defendant ELIAS GALLUP acted under the color of law as a Deputy Sheriff of and with the authority of the Orange County Sheriff's Office and Defendant JERRY L. DEMINGS.

59. Defendant ELIAS GALLUP placed Plaintiff under arrest without any probable cause that Plaintiff had committed a criminal offense or traffic violation.

60. Defendant ELIAS GALLUP falsely commenced criminal proceedings by charging Plaintiff with: Driving Under the Influence in violation of Fla. Stat. § 316.193(1); Driving Vehicle in Unsafe Conditions in violation of Fla. Stat. § 316.610(1); Failure to Obey Traffic Control Device in violation of Fla. Stat. § 316.074(1); and Improper Left Turn in violation of § 316. 151(1)(B).

61. Defendant ELIAS GALLUP unlawfully detained Plaintiff without cause and transported him to the DUI Center in Orange County.

62. At the time of the incident complained of herein, and acting under the color of law, as an agent of and with the authority of the Orange County Sheriff's Office, Defendant ELIAS GALLUP intentionally, maliciously, and with complete, reckless and callous disregard of and indifference to Plaintiff's civil rights, caused Plaintiff to be deprived of his Constitutional rights, including but not limited to those under the Fourth and Fourteenth Amendments of the United States Constitution.

63. At the time of incident complained of herein, Defendant ELIAS GALLUP lacked probable cause or legal authority to arrest and restrain Plaintiff.

64. As a direct and proximate result of the actions of Defendant ELIAS GALLUP, acting under the command and with the express authority of Defendant JERRY L. DEMINGS, Plaintiff's liberty was restricted for an extended period of time and he was subjected to mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, loss of liberty and freedom.

65. As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined at trial.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT JERRY L. DEMINGS
### FALSE ARREST UNDER 42 U.S.C. § 1983

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs # 1-55 with the same force and effect as if fully set forth herein.

67. Due to the ratifications of misconduct and failures of Defendant JERRY L. DEMINGS, Plaintiff was unlawfully seized and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent at the hands of Defendant ELIAS GALLUP pursuant to the practices and customs of the Orange County Sheriff's Office.

68. As a direct and proximate cause of the practices and customs of Defendant JERRY L. DEMINGS, Plaintiff suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, loss of liberty and freedom.

69. As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined at trial.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT ELIAS GALLUP
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

70. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs # 1-55 with the same force and effect as if fully set forth herein.

71. Acting under the color of law, as an agent of and with the authority of the Orange County Sheriff's Office, Defendant ELIAS GALLUP intentionally, maliciously, and with complete, reckless and callous disregard of and indifference to Plaintiff's civil rights, caused Plaintiff to be deprived of his Constitutional rights, including but not limited to those under the Fourth and Fourteenth Amendments of the United States Constitution.

72. When Defendant ELIAS GALLUP ordered Plaintiff to pull over in his vehicle, he lacked probable cause to enforce a traffic stop as Plaintiff was wearing his seatbelt and had committed no traffic infractions.

73. Defendant ELIAS GALLUP was not executing his lawful duties when he demanded Plaintiff's license as he lacked probable cause to initiate a traffic stop.

74. Plaintiff had not committed a traffic violation and Defendant ELIAS GALLUP lacked probable cause to conduct the traffic stop.

75. Defendant ELIAS GALLUP maliciously initiated the criminal proceedings against Plaintiff in order to justify the arrest of Plaintiff and bolster the false allegations contained in an official report.

76. All criminal proceedings against Plaintiff were terminated in his favor when the Trial Court granted the State of Florida's motion to dismiss in case number 2012-TR-024334.

77. All criminal proceedings against Plaintiff were terminated in his favor when the State of Florida dismissed all charges in case number 2012-CT-010265.

78. As a direct and proximate result of the Defendant ELIAS GALLUP's malicious initiation of the criminal proceedings, Plaintiff was arrested and taken to the

Orange County DUI Center where he remained until he was released on bond, suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, and loss of liberty and freedom.

79. Defendant ELIAS GALLUP, while acting under color of state law, was directly and actively involved in violating Plaintiff's constitutional rights.

80. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

- To be free from unlawful seizure and arrest not based upon probable cause;

- To be free from unwarranted and malicious criminal prosecution;

- To be free from malicious abuse of process;

81. As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined at trial.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANT JERRY L. DEMINGS MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs # 1-55 with the same force and effect as if fully set forth herein.

83. Due to the ratifications of misconduct and failures of Defendant JERRY L. DEMINGS, Plaintiff was subjected to the malicious initiation of the criminal proceedings in case numbers 2012-TR-024334 and 2012-CT-010265 at the hands of Defendant ELIAS GALLUP pursuant to the practices and customs of the Orange County Sheriff's Office.

84. As a direct and proximate result of the practices and customs of Defendant JERRY L. DEMINGS, Plaintiff suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, loss of liberty and freedom.

85. As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined at trial.

### FIFTH CAUSE OF ACTION
### MUNICIPAL LIABILITY

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs # 1-55 with the same force and effect as if fully set forth herein.

87. Defendant JERRY L. DEMINGS, while acting under color of state law and in his official capacity as Sheriff of Orange County, engaged in conduct that constituted a failure to supervise or discipline Defendant ELIAS GALLUP, which caused the underlying violations of Plaintiff's constitutional rights to occur.

88. The Defendant, JERRY L. DEMINGS, had a duty to ensure that the Orange County Sheriff's Office and it employees subordinates complied with Florida and Federal Law.

89. The Defendant, JERRY L. DEMINGS, was at all times mentioned herein, and still is, responsible for the training and supervision of Defendant ELIAS GALLUP.

90. Prior to November 1, 2012, Defendant, JERRY L. DEMINGS, permitted, encouraged, tolerated, and ratified a pattern of practice or custom of the use of force in an unjustified and unreasonable manner, as well as allowing officers to make arrests without probable cause, by:

- Failing to properly train and supervise officers in the conditions under which an arrest can be made; and
- Failing to properly train and supervise officers involved in initiating law criminal prosecution against citizens.

91. Defendant, JERRY L. DEMINGS, was deliberately indifferent as to the level of training, supervision, and discipline maintained by Orange County Sheriff's Office to its officers.

92. Defendant JERRY L. DEMINGS's failure to effectively supervise and discipline deputies accused of arresting individuals without probable cause and maliciously initiating frivolous criminal proceedings evinces a deliberate indifference to the likelihood of ongoing constitutional violations which ultimately resulted in multiple violations of Florida State laws, Federal law, and Plaintiff's rights under the United States Constitution.

93. As a result of the foregoing failures and refusals, Defendant JERRY L. DEMINGS has established a permanent and well-settled practice and custom of the Orange County Sheriff's Office to permit officers, including Defendant ELIAS GALLUP, to engage in misconduct and violate the Constitutional rights of citizens.

94. As a direct and proximate result of the failures, refusals, practices, and customs of Defendant JERRY L. DEMINGS, Plaintiff suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, loss of liberty and freedom.

95. As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined at trial.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANT JERRY L. DEMINGS
### NEGLIGENT SUPERVISION AND RETENTION

96. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs # 1-55 and 87-94 with the same force and effect as if fully set forth herein.

97. Upon information and belief, Defendant JERRY L. DEMINGS failed to use reasonable care in the supervision and retention of Defendant ELIAS GALLUP who conducted and participated in acts complained of herein.

98. During Defendant ELIAS GALLUP's employment with Orange County Sheriff's Office, he had received multiple complaints for wrongfully and malicious acts complained of herein.

99. Despite the excessive number of complaints and lack of interpersonal skills, Defendant JERRY L. DEMINGS continued to employ Defendant ELIAS GALLUP.

100. Defendant JERRY L. DEMINGS knew, or should have known in the exercise of reasonable care, the propensities of the Defendant ELIAS GALLUP to engage in the wrongful conduct heretofore alleged in this Complaint.

101. Defendant JERRY L. DEMINGS had actual and/or constructive notice that Defendant ELIAS GALLUP had such propensities and failed to take remedial action as to ELIAS GALLUP's repeated false arrests and detentions.

102. Because Defendant JERRY L. DEMINGS failed to take remedial action as to ELIAS GALLUP's repeated malicious and pre-textual seizure and detention of individuals without probable cause, ELIAS GALLUP's continued employment resulted in him engaging in the illegal seizure and detention of Plaintiff without cause.

103. As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages in a sum to be determined at trial.

WHEREFORE, Plaintiff demands judgment on each cause of action in a sum to be determined at a jury trial in compensatory damages and a sum to be determined at a jury trial in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: Orlando, Florida
       October 30, 2015

Respectfully Submitted,

Patrick Michael Megaro, Esq.
Florida Bar ID # 738913
New Jersey Bar ID # 3634-2002
New York Bar ID # 4094983
North Carolina Bar ID # 46770
Texas Bar ID # 24091024
Washington Bar ID # 50050
Federal Trial Law Group
33 East Robinson Street, Suite 210
Orlando, Florida 32801
(o) 407-255-2165
(f) 855-224-1671
pmegaro@federaltriallawgroup.com
*Attorney for Plaintiff*